**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **MONICA BROWN,** | ) | |
| **Plaintiff,** | ) ) ) | |
| **v.** | ) ) | **Case No. 23-cv-03030 (APM)** |
| **DISTRICT OF COLUMBIA,** | ) ) | |
| **Defendant.** | ) ) ) | |

**MEMORANDUM OPINION**

**I.**

Defendant District of Columbia moves for summary judgment on Plaintiff Monica Brown's sole remaining claim for retaliation under the American with Disabilities Act. *See* Def.'s Mot. for Summ. J. [hereinafter Def.'s Mot.], ECF No. 25.[1] As explained below, the motion is granted.

**II.**

The relevant facts are largely not in dispute. Plaintiff started working as a contract supervisor for the D.C. Children and Family Services Agency in the fall of 2019. Def.'s Stmt. ¶ 1; Pl.'s Opp'n to Def.'s Mot., ECF No. 28 [hereinafter Pl.'s Opp'n], at 3 (not contesting Def.'s Stmt. ¶¶ 1–12). Her immediate supervisor was Tara Sigamoni. Def.'s Stmt. ¶ 2. Starting in November 2021, Plaintiff received a disability accommodation permitting her to telework at least three full days per week and, on the remaining days, to work four hours in the office and four hours remotely. Reply in Supp. of Def's Mot., ECF No. 29 [hereinafter Def.'s Reply], Def.'s Resp. to Pl.'s Stmt.

---

[1] At ECF No. 25, Defendant has docketed in a single, integrated document its motion, memorandum of law in support, and statement of undisputed material facts. When citing a page in the memorandum, the court uses "Def.'s Mem." and the relevant page number. When citing to the statement of facts, the court uses "Def.'s Stmt." and the relevant paragraph number.

of Material Facts for Which There is No Genuine Dispute, ECF No. 29-1 [hereinafter Pl.'s Stmt.], ¶¶ 6, 10.  Plaintiff filed an EEOC complaint on July 1, 2022, alleging sex and disability discrimination by Ms. Sigamoni.  Def.'s Stmt. ¶ 9; Pl.'s Stmt. ¶ 8.  In October 2022, her accommodation was modified so that, on her two in-office days, she was required to use leave for any hours she did not spend physically in the office.  Pl.'s Stmt. ¶ 13.  Then, in December 2022, Plaintiff renewed her request to telework three days per week and, on the other two days, split time between in-office and remote work.  *Id.* ¶ 15.  Human Resources Manager Keyana McNeil denied the request.  *Id.* ¶ 16; Def.'s Stmt. ¶ 13.

### III.

The crux of Plaintiff's claim is that Sigamoni retaliated against her for her July 2022 EEOC complaint by urging McNeil to deny her accommodation request in December 2022.  Pl.'s Opp'n at 9.[2]  But to prevail at this stage, Plaintiff must produce some evidence establishing a genuine dispute of fact, *see* Fed. R. Civ. P. 56(a), that Sigamoni knew about her protected activity.  *See Ho v. Garland*, 106 F.4th 47, 53 (D.C. Cir. 2024) (observing that the decisionmaker's knowledge of the plaintiff's protected activity is "a requirement for any retaliation claim"); *Talavera v. Shah*, 638 F.3d 303, 313 (D.C. Cir. 2011).  This is where her claim fails.  Sigamoni testified that she was not aware that Plaintiff had filed an EEO complaint in July 2022.  Def.'s Mot., Ex. 6, Dep. of Tara Sigamoni, ECF No. 25-6 [hereinafter Sigamoni Dep.], 79:17–80:5.  Plaintiff did not contradict Sigamoni.  She recalled telling her subordinates about the filing but could not say whether she had informed Sigamoni.  Def.'s Reply, Ex. 7, Dep. of Monica Brown II, ECF No. 29-2, at 25:3–26:1.

---

[2] Plaintiff's opposition also asserts that the October 2022 modification was an adverse action.  *See* Pl.'s Opp'n at 9. Defendant argues that this position is at odds with Plaintiff's discovery responses, which identified only the December 2022 denial as the adverse action, and therefore the court should not consider it.   *See* Def.'s Reply at 3.  The court does not need to address this dispute. As will be discussed, because Plaintiff failed to produce evidence of Sigamoni's knowledge of her EEO activity, whether she asserts one or two adverse actions is immaterial.

That is the totality of evidence about Sigamoni's awareness of Plaintiff's protected activity.  A plaintiff "need only offer circumstantial evidence that could reasonably support an inference" of a decisionmaker's knowledge to defeat summary judgment.  *See Talavera*, 638 F.3d at 313 (quoting *Jones v. Bernanke*, 557 F.3d 670, 679 (D.C. Cir. 2009)).  Plaintiff has not overcome even that low bar.

Plaintiff counters that she still gets to a jury because "Ms. Sigamoni's testimony is simply not credible."  Pl.'s Opp'n at 10.  As support, she points to three pieces of evidence.  First, she claims that Sigamoni falsely testified that she had no decision-making authority regarding Plaintiff's reasonable accommodation request, when in fact, according to the Human Resources Manager, Kenya McNeil, if Sigamoni not expressed concerns about continued telework, the accommodation likely would have been granted.  Pl.'s Opp'n at 10 (citing Pl.'s Opp'n, Ex. 1, ECF No. 28-1 [hereinafter McNeil Dep. I], at 10).[3]  Sigamoni also expressed doubt that Plaintiff's need for accommodation was "genuine."  McNeil Dep. I at 4.  Second, Plaintiff points to an interrogatory response by Defendant stating that human resources "did not solicit or receive a recommendation from Plaintiff's supervisor, Tara Sigamoni, that Plaintiff's reasonable accommodation request be denied."  Pl.'s Opp'n at 11 (citing Pl.'s Opp'n, Ex. 11, ECF No. 28-1 [hereinafter Ex. 111], at 109).  McNeil's testimony arguably conflicts with that contention.  *See id.*  Finally, Plaintiff points out that Sigamoni approved of her teleworking arrangement before her EEO complaint but did not support it afterwards.  *Id.* at 9–10.

When, as here, "challenges to witness' credibility are *all* that a plaintiff relies on, and he has shown no independent facts—no proof—to support his claims, summary judgment in favor of the defendant is proper."  *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).  Or, put another

---

[3] Because Plaintiff included all of her exhibits in a single docket entry, the court uses CM/ECF pagination when referencing her exhibits.

way, "[t]he general rule is that specific facts must be produced in order to put credibility in issue so as to preclude summary judgment. Unsupported allegations that credibility is in issue will not suffice." Wright & Miller, 10A Fed. Prac. & Proc. § 2726 (4th ed). "On the other hand, . . . if the credibility of the movant's witness is challenged by the opposing party and specific bases for possible impeachment are shown, summary judgment should be denied and the case allowed to proceed to trial." *Id.*

Plaintiff's proffered facts do not put Sigamoni's credibility "in issue." First, there is nothing inconsistent about Sigamoni saying she lacked decisionmaking authority and McNeil's testimony that Sigamoni's input influenced the denial. Indeed, McNeil confirmed that the ultimate decision over the request belonged with human resources and that Sigamoni's views were but one input in the decisionmaking process. Def.'s Reply, Ex. 10, Dep. of Keyana McNeil, ECF No. 29-5, at 16:6–19:22. Second, the interrogatory response does not challenge Sigamoni's credibility for two reasons. For one, she did not sign it; McNeil did. Ex. 11 at 110. For another, when read in context, the interrogatory did not represent that Sigamoni made no recommendation about Plaintiff's request, only that Defendant had no *written* evidence of her views. *See id.* at 109 (interrogatory asking Defendant to "[p]rovide any correspondence or documentation," and McNeil attesting that human resources "does not have any record of correspondence [or] documentation of any such recommendation from Tara Sigamoni to HR ADA Specialist Annie Johnson[4] or HR Manager Kenyana McNeil"). Finally, Sigamoni's change in position on Plaintiff's telework after the EEO complaint was filed does not establish that she knew about the complaint. Just as temporal proximity alone cannot establish causation at summary judgment, *see Iyoha v. Architect*

---

[4] Annie Johnson was the human resources specialist responsible for modifying the telework accommodation in October 2022. Pl.'s Opp'n, Ex. 4, ECF No. 28-1, at 20.

*of the Capitol*, 927 F.3d 561, 574 (D.C. Cir. 2019), it likewise cannot, without more, undermine a witness's credibility.

**IV.**

In sum, Plaintiff has failed to present evidence that would permit a reasonable jury to conclude that, in December 2022, Sigamoni was aware of Plaintiff's June 2022 protected EEO activity.  Defendant's motion therefore is granted, and the court will enter judgment in its favor.  *See Talavera*, 638 F.3d at 313–44.  A separate, final order accompanies this Memorandum Opinion.

Dated:  May 15, 2026

Amit P. Mehta
United States District Judge